IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| PRIMO WATER CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>PABST BREWING COMPANY,<br><br>    Defendant. | Civil Action No. 1:07-cv-911 |

**COMPLAINT FOR DECLARATORY JUDGMENT, CANCELLATION OF TRADEMARK REGISTRATIONS AND FALSE OR FRAUDULENT TRADEMARK REGISTRATION**

Plaintiff, complaining of Defendant, alleges and says:

## PARTIES

1. Plaintiff Primo Water Corporation ("Plaintiff" or "Primo Water") is a Delaware corporation with its principal office and place of business in Winston-Salem, North Carolina.

2. Defendant Pabst Brewing Company ("Defendant" or "Pabst") is, upon information and belief, a Delaware corporation.

3. Defendant is authorized to conduct business in the state of North Carolina. Attached as Exhibit A and incorporated by reference is a copy of Defendant's most recent annual report filed with the North Carolina Secretary of State.

4.	Defendant has been issued and maintains a non-resident malt beverage vendor permit with the North Carolina Alcohol Beverage Control Commission.

5.	Upon information and belief, Defendant contracts with companies in North Carolina to brew beer in North Carolina;

6.	Upon information and belief, Defendant contracts with companies in North Carolina to distribute beer in North Carolina.

## JURISDICTION AND VENUE

7.	Plaintiff brings this action seeking a declaration of rights with respect to federal trademark laws, cancellation of Defendant's federal trademark registrations and a remedy for Defendant's violation of federal trademark laws. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1338 and 2201 and pursuant to 15 U.S.C. § 1121.

8.	This Court has jurisdiction over Defendant in that, *inter alia*, Defendant: has qualified itself to conduct business in this State, distributes beer in this State under permit issued by this State's Alcohol Beverage Control Commission, and does substantial business in this State.

9.	Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## STATEMENT OF FACTS

**Stroh Brewing Company Acquires, then Abandons the Primo Beer Trademarks**

10.	In 1983, The Stroh Brewery Company ("Stroh") acquired United States Trademark Registration No. 905,955 for the trademark PRIMO for use on beer (the " '955

2

4843-1209-3954.04

Case 1:07-cv-00911-UA-WWD   Document 1   Filed 11/29/07   Page 2 of 14

Registration") from Jos. Schlitz Brewing Company, which prior to that time had marketed Primo beer under the d/b/a "Hawaii Brewing Co."

11. In 1988, Stroh registered United States Trademark Registration No. 1,477,037 for a trademark having the words PRIMO BEER separated by an image of the Hawaii State Seal, which bears the Hawaiian words "UA MAUKE EA OKA AINU IKA POINA," for use on beer.

12. Also in 1988, Stroh registered United States Trademark Registration No. 1,477,038 for another trademark having the words PRIMO BEER separated by an image of the Hawaii State Seal, which bears the Hawaiian words "UA MAUKE EA OKA AINU IKA POINA," for use on beer. Collectively, United States Trademark Registration Nos. 905,955, 1,477,037 and 1,477,038 are referred to in this Complaint as the "Primo Beer Registrations" and the trademarks in such registrations are collectively referred to in this Complaint as the "Former Primo Beer Trademarks."

13. The application resulting in the '955 Registration was initially refused registration by the United States Patent and Trademark Office ("PTO") under Section 2(e)(1) of the Lanham Act, 15 U.S.C. § 1052(e)(1), because the PRIMO trademark was merely descriptive of applicant's beer. In making this rejection, the PTO stated that since "Primo" is a Spanish word signifying "of first rank, excellent," applying the word "primo" to applicant's beer describes a quality of the goods.

14. In order to achieve registration of the PRIMO mark in light of such descriptiveness rejection, the application was amended to seek registration pursuant to Section 2(f) of the Lanham Act, 15 U.S.C. § 1052(f).

4843-1209-3954.04

15.     Upon information and belief, Stroh ceased selling Primo beer in 1998 because it had become unprofitable.

16.     Upon information and belief, by February, 1999, Stroh had decided to exist the beer business entirely.  An article dated February 15, 1999 in *Modern Brewery Age* quotes John Stroh III, president and CEO of Stroh Companies, Inc. (the parent company of Stroh ) as stating "we concluded that it is the appropriate time to exit the beer business."  A copy of this article is attached as Exhibit B and incorporated by reference.

17.     Upon information and belief, as of at least February 1999, having decided and publicly announced that it was existing the beer business, Stroh  intended not to resume use of any of the Former Primo Beer Trademarks.

**Defendant Acquires the Primo Beer Registrations but does not Sell Primo Beer**

18.     Upon information and belief, in 1999 Stroh sold certain assets to Miller Brewing Company and to Defendant Pabst.

19.      On or about April 30, 1999 – almost one year after Stroh stopped selling Primo beer – Defendant acquired the Primo Beer Registrations by assignment from Stroh as part of the aforementioned asset sale.

20.     Upon information and belief, Defendant has not at any time up through the filing of this Complaint,  either directly or through any third party, sold beer under any of the Former Primo Beer Trademarks.

21. Upon information and belief, Defendant has not at any time up through the filing of this Complaint, either directly or through any third party, made bona fide use of any of the Former Primo Beer Trademarks on beer in the ordinary course of trade.

22. Upon information and belief, as of the date of the filing of this Complaint Defendant did not, either directly or through any third party, sell beer bearing any of the Former Primo Beer Trademarks.

23. As of the date of the filing of this Complaint, Defendant's website, available at www.pabst.com, listed beer brands sold by Defendant. Primo is not among the brands listed on Defendant's website as of the date of the filing of this Complaint. A copy of the relevant pages from the website are attached hereto as Exhibit C and incorporated by reference.

24. Upon information and belief, Defendant has not at any time through the date of the filing of this Complaint advertised on its website Primo beer among the brands of beer sold by Defendant.

**Plaintiff and its Primo Water Trademark Registrations**

25. In early 2005 the founder and former CEO of Blue Rhino Corporation and fellow Blue Rhino executives created Primo Water Corporation. Primo Water sells bottled water, primarily in 3-gallon and 5-gallon bottles.

26. Primo Water has enjoyed tremendous success since its founding. Its current operating structure includes relationships with over 30 bottlers nationwide and over 60 distribution sites. Primo Water serves retailers in 48 states.

5

4843-1209-3954.04

27. Plaintiff owns U.S. Trademark Registration No. 3,137,295 for use of the PRIMO trademark in association with bottled drinking water. A copy of this registration is attached as Exhibit D and incorporated by reference.

28. Plaintiff owns U.S. Trademark Registration No. 3,160,767 for use of the PRIMO trademark in association with distributorships in the field of bottled drinking water. A copy of this registration is attached as Exhibit E and incorporated by reference.

29. Plaintiff owns U.S. Trademark Registration No. 3,166,619 for use of the PRIMO (and design) trademark in association with bottled drinking water and distributorship services in the field of bottled drinking water. A copy of this registration is attached as Exhibit F and incorporated by reference.

30. Plaintiff owns U.S. Trademark Application Serial Nos. 77/081,242 and 77/082,463 for use of the TASTE PERFECTION PRIMO (and design) trademark in association with bottled drinking water and distributorship services in the field of bottled drinking water. Both of these applications have been allowed for registration by the U.S. Patent and Trademark Office.

The trademarks set forth in the registrations and applications identified in Paragraphs 27 - 30 above are referred to herein as the "Primo Water Trademarks."

**Pabst Threatens to Sue Primo Water**

31. By letter dated September 7, 2007 (the "Cease and Desist Letter"), Pabst, through its attorneys, accused Primo Water of infringing Pabst's trademark rights allegedly arising from the '955 Registration by Primo Water's use of its federally-registered PRIMO trademarks on

6

bottled drinking water. A copy of this letter is attached as Exhibit G and incorporated by reference..

32. In the Cease and Desist Letter, Pabst threatened to initiate opposition and cancellation proceedings in the Trademark Trial and Appeal Board ("TTAB") and "potential litigation" if Primo Water continued using its federally-registered PRIMO trademark on bottled water.

33. Upon information and belief, as of the date of the Cease and Desist Letter Pabst was not selling, either directly or through any third party, any beer bearing any of the Former Primo Beer Trademarks.

34. Primo Water, through its attorneys, replied to Pabst by letter dated September 27, 2007. Primo noted that Pabst, by its own admission, was not selling Primo beer and that the PTO issued trademark registrations to Primo Water, thus evidencing the PTO's view that no likelihood of confusion exists. Primo also provided case law in which the TTAB previously rejected the identical argument asserted by Pabst in the Cease and Desist Letter. A copy of this September 27, 2007 letter is attached as Exhibit H and incorporated by reference.

35. Pabst responded via letter dated October 31, 2007 and acknowledged that Stroh -- which owned the Primo Beer Registrations prior to selling them to Pabst in 1999 -- ceased domestic sales of beer under the Primo trademark in 1998. Nonetheless, Pabst again demanded that Primo Water cease and desist the use of its federally-registered PRIMO trademark on bottled water. A copy of the October 31, 2007 letter is attached as Exhibit I and incorporated by reference.

36. In the October 31, 2007 letter, Pabst stated that it "is prepared to litigate this matter before the TTAB and/or Federal Courts." In addition, Pabst stated that it will initiate cancellation proceedings in the TTAB against Primo Water unless Primo Water ceases use of its PRIMO trademark on bottled water.

37. Upon information and belief, Pabst was not selling, either directly or through any third party, any beer bearing any of the Former Primo Beer Trademarks on October 31, 2007.

38. Neither the Cease and Desist Letter nor the October 31, 2007 letter contained any allegation or evidence that Pabst has ever used any of the Former Primo Beer Trademarks in commerce on beer.

## FIRST CAUSE OF ACTION
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND NON-DILUTION

39. The allegations of Paragraphs 1 through 38 are incorporated herein by reference. This is a claim for a declaratory judgment that Primo Water's use of its federally-registered PRIMO trademarks on bottled drinking water does not infringe or dilute any of the Former Primo Beer Trademarks.

40. On May 24, 2006, Pabst sued a bottled water distributor, D.P. Miller, Inc., for trademark infringement in the United States District Court for the Western District of Texas.

41. By virtue of letters from Pabst's counsel dated September 7, 2007 and October 31, 2007, which contain explicit and implied threats to sue Primo Water, and in light of Primo Water's knowledge that Pabst has recently sued a bottled water distributor for trademark infringement of a beer trademark, Primo Water has a reasonable apprehension of being sued by Pabst.

4843-1209-3954.04

42. The PRIMO trademark reflected in the '955 Registration is not famous.

43. The trademark reflected in United States Trademark Registration No. 1,477,037 having the words PRIMO BEER separated by an image of the Hawaii State Seal and bearing the Hawaiian words "UA MAUKE EA OKA AINU IKA POINA" is not famous.

44. The trademark reflected in United States Trademark Registration No. 1,477,038 having the words PRIMO BEER separated by an image of the Hawaii State Seal and bearing the Hawaiian words "UA MAUKE EA OKA AINU IKA POINA" is not famous.

45. Pabst is legally obligated to identify itself or its distributor on the label of every beer it sells. Consumers of beer may thus identify the product's source by looking at the label.

46. The descriptive PRIMO trademark reflected in the '955 Registration and registered under Section 2(f) is a weak trademark.

47. On information and belief, Pabst has not advertised beer using any of the Former Primo Beer Trademarks at any time through the filing of this Complaint.

48. On information and belief, Pabst is not aware of any actual consumer confusion caused by Primo Water's use of its federally-registered PRIMO trademark on bottled drinking water.

49. Primo Water has not infringed and does not infringe any valid trademark owned by Pabst, including specifically the Former Primo Beer Trademarks.

50. On information and belief, Pabst is not aware of any actual dilution of any of the Former Primo Beer Trademarks caused by Primo Water's use of its federally-registered PRIMO trademark on bottled drinking water.

51. Primo Water has not diluted and does not dilute any valid trademarks owned by Pabst, including specifically the Former Primo Beer Trademarks.

52. There is a substantial controversy between Pabst and Primo Water, having adverse legal interest in such controversy of sufficient immediacies in reality to warrant issuance of a declaratory judgment.

53. Plaintiff is entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201 from this Court that it has not diluted or infringed any valid trademarks owned by Pabst, including specifically any of the Former Primo Beer Trademarks.

## SECOND CAUSE OF ACTION
## CANCELLATION OF TRADEMARK REGISTRATIONS

54. The allegations of Paragraphs 1 through 53 are incorporated herein by reference.

55. The only goods recited in the '955 Registration are beer.

56. On November 8, 2000, Pabst's Vice President and General Counsel executed a Declaration of Use in Commerce declaring that the PRIMO trademark was then still in use in interstate commerce in connection with all the goods identified in the '955 Registration.

57. On January 24, 2001, such Declaration of Use was filed by Pabst in the PTO as part of Pabst's application to renew the '955 Registration. A copy of this Declaration of Use as filed in the PTO is attached as Exhibit J and incorporated by reference.

4843-1209-3954.04

58. Upon information and belief, on November 8, 2000 the PRIMO trademark was not in use in commerce by Pabst or a related company on beer.

59. Upon information and belief, on January 24, 2001 the PRIMO trademark was not in use in commerce by Pabst or a related company on beer.

60. Upon information and belief, the PRIMO trademark was not used continually in commerce on beer between April 30, 1999 and January 24, 2001.

61. Upon information and belief, the Primo Beer Registrations are not valid because,

(a) while it owned the Primo Beer Registrations, Stroh ceased using all of the trademarks reflected in such registrations in commerce in connection with beer;

(b) while it owned the Primo Beer Registrations, Stroh decided to exit the beer business and, accordingly, intended not to resume using any of the trademarks reflected in such registrations in commerce in connection with beer;

(d) Pabst has not at any time through the date of the filing of this Complaint, either directly or through any third party, made any bona fide use of any of the trademarks reflected in such registrations in commerce in connection with beer;

(e) thus, the Former Primo Beer Registrations were abandoned; and

(d) with respect to the '955 Registration, Pabst fraudulently renewed such registration by filing a false declaration in the PTO in 2001.

62. The existence of the Primo Beer Registrations has caused and will continue to cause damage to Primo Water by casting a cloud over Primo Water's existing trademark rights

11

4843-1209-3954.04

Case 1:07-cv-00911-UA-WWD   Document 1   Filed 11/29/07   Page 11 of 14 

and Primo Water's right to register and maintain federal registration of the Primo Water Trademarks in connection with bottled drinking water.

63. Plaintiff is entitled to seek cancellation of the Primo Beer Registrations pursuant to 15 U.S.C. § 1064, 15 U.S.C. § 1119, and 15 U.S.C. § 1121.

## THIRD CAUSE OF ACTION
## FALSE OR FRAUDULENT REGISTRATION IN VIOLATION OF 15 U.S.C. § 1120

64. The allegations of Paragraphs 1 through 63 are incorporated herein by reference.

65. On information and belief, Pabst acquired U.S. Trademark Registration No. 2,191,783 for the mark LONE STAR from Stroh on or about April 30, 1999.

66. The only goods recited in U.S. Trademark Registration No. 2,191,783 are alcoholic and nonalcoholic malt beverages.

67. On September 14, 2004, Pabst filed a Declaration in the PTO averring that Pabst or a related company was using the LONE STAR trademark in connection with all the goods identified in U.S. Trademark Registration No. 2,191,783. A copy of this Declaration is attached as Exhibit K and incorporated by reference.

68. In Pabst's 2006 lawsuit against bottled water distributor D.P. Miller, Inc., Pabst admitted that it was not using the LONE STAR trademark for nonalcoholic malt beverages.

69. Upon information and belief, Pabst has never used the LONE STAR trademark mark in commerce on nonalcoholic malt beverages.

70. The Declaration that Pabst filed in the PTO on September 14, 2004 averring that Pabst or a related company was using the LONE STAR trademark in connection with all the goods identified in U.S. Trademark Registration No. 2,191,783 was false.

71. Similarly, the Declaration that Pabst filed in the PTO on January 24, 2001 averring that Pabst or a related company was using the PRIMO trademark in the '955 Registration in commerce in connection with all the goods identified therein was also false.

72. Thus, Pabst has at least twice knowingly and falsely represented to the PTO that trademarks corresponding to federal registrations acquired from Stroh were in use on their respective goods when in fact they were not.

73. Primo Water believes that it will be damaged by continued registration of the Primo Beer Registrations.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays the Court for the following relief:

A. that this Court order cancellation of each of the Primo Beer Registrations;

B. that this Court declare that Primo Water's use of its Primo Water Trademarks on bottled drinking water does not infringe any of Pabst's alleged rights in any of the Former Primo Beer Trademarks;

B. that this Court declare that Primo Water's use of its Primo Water Trademarks on bottled water does not dilute any of Pabst's alleged rights in any of the Former Primo Beer Trademarks;

13

4843-1209-3954.04

C. that Plaintiff be awarded all costs, including attorneys fees, it incurs in this action;

E. that Plaintiff be awarded any other relief this Court deems just and proper; and

F. that all issues of fact be tried by a jury.

Date: November 29, 2007

Respectively submitted,

/s/ Alice Carmichael Richey
Alice Carmichael Richey
N.C. Bar No. 13677
E-mail: arichey@kennedycovington.com
Michael A. Tobin
N.C. Bar No. 24573
E-mail: mtobin@kennedycovington.com
Hearst Tower, 47th Floor
214 North Tryon Street
Charlotte, North Carolina 28202
Telephone: (704) 331-7400
Facsimile: (704) 331-7598
***Attorneys for Plaintiff***

OF COUNSEL:

KENNEDY COVINGTON LOBDELL & HICKMAN, L.L.P.
Hearst Tower, 47th Floor
214 North Tryon Street
Charlotte, NC 28202
(704) 331-7400